## WEINBERG v. STEEL.

(Supreme Court, Appellate Term, First Department.   April 14, 1914.)

PRINCIPAL AND AGENT (§ 23*)—EXISTENCE OF AGENCY—WEIGHT OF EVIDENCE.
In an action by a person not a broker by occupation to recover commis-
sions for procuring a tenant, in which defendant denied that plaintiff was
employed to procure a. tenant, a verdict for plaintiff *held* contrary to the
weight of the evidence.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41;
Dec. Dig. § 23.*]

Seabury, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Philip Weinberg against Samuel W. Steel.   From a judg-
ment for plaintiff, and an order denying a motion to set aside the ver-
dict, and for a new trial, defendant appeals.   Reversed, and new trial
ordered.

Argued March term, 1914, before SEABURY, LEHMAN, and BI-
JUR, JJ.  ·

House, Grossman & Vorhaus, of New York City (Herman Joseph,
of New York City, of counsel), for appellant.

Levy & Unger, of New York City (Henry W. Unger, of New York
City, of counsel), for respondent.

BIJUR, J.   Practically the only question raised on this appeal is
whether or not the verdict is against the weight of evidence.   At the
time the action was brought, the plaintiff was engaged in the millinery
business, and the defendant was engaged in the millinery and ladies'
and children's outfitting business, both in the ·same neighborhood.
Plaintiff's brother was in charge of the defendant's millinery depart-
ment, and the plaintiff had a half interest in his brother's connection
with the defendant.   At that time the defendant was a one-third owner
of No. 46 West Fourteenth street which had suddenly become vacant
owing to the bankruptcy of the tenants.   The relations between the
plaintiff and the defendant were friendly business relations.

In this situation plaintiff testifies that the defendant had sent him
an urgent message and agreed to pay him a commission if he could
effect a lease of No. 46 West Fourteenth street for over $18,000.   The
defendant, at that time, had a five days' option on the entire premises
from the co-owners of the premises.   Five days later the premises
were leased to Morrison Bros., and there is no doubt but that plaintiff
was the procuring cause of this lease.   The defendant, on the other
hand, testified that, after having obtained an option on the premises
from his co-owners, he sent for the plaintiff and took up the question
of their forming a partnership and leasing the premises.   The plaintiff
stated that he did not desire to do this, as he wanted to consider some
larger place for such a partnership venture, but said that he had some
friends who might be interested and that it would be a great favor to
him if the defendant would rent the premises to these friends.  ·

On plaintiff's cross-examination, after he had denied that he ever

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had any serious intention of entering into a partnership with the defendant, it was brought out that lengthy partnership papers were prepared, and had been examined and annotated by him, and that he had actually gone so far as to put in a bid on a building for the partnership and be accepted as a tenant—from which he subsequently "backed out." It was further developed that, on the opening of the next millinery season after the signing of the lease of the premises in suit by Morrison Bros., he took a department in their store. Plaintiff's explanation of this disclosure was merely that he continued to talk to the defendant about a partnership in order to remain on amicable terms with him until he had collected his commissions in the present case.

It seems to me inherently improbable that one millinery merchant should send for another and ask him to procure a tenant of real estate. Had plaintiff been a broker, the situation would be different. Moreover, plaintiff's interest in acting as the procuring cause is explained by the fact that he ultimately obtained a department in the tenants' (Morrison Brothers') establishment. The business relationships and the continued negotiations between the plaintiff and the defendant are not such that the relationship of principal and broker would nominally be predicated upon them, and, in face of plaintiff's admitted inaccuracies and self-contradictions on this vital subject, I feel that the verdict must be set aside as against the weight of the evidence.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

LEHMAN, J., concurs.    SEABURY, J., dissents.